# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DAMEAD HOLMES,<br>    Plaintiff,<br>v.<br>THE RESHAPING AND NUTRITIONAL COMPANY LLC,<br>    Defendant. | Case No. 2:25-cv-00442-GMN-NJK<br>**Order**<br>[Docket No. 17] |

Pending before the Court is Plaintiff's discovery plan and scheduling order, submitted without the agreement or input of Defendant. Docket No. 17.

The discovery process is meant to be a cooperative endeavor, *see Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015), and is subject to an overriding limitation of good faith, *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1246 (9th Cir. 1981). Those same requirements apply to the creation and submission of a joint discovery plan. *See* Local Rule 26-1(a). Parties are expected to comply with the Local Rules and **cooperate** with one another to create and submit a joint discovery plan and scheduling order.

Local Rule 26-1(a) states:
> Fourteen days after the mandatory Fed. R. Civ. P. 26(f) conference, the parties must submit a stipulated discovery plan and scheduling order. The plan must be formatted to permit the plan, once the court approves it, to become the scheduling order required by Fed. R. Civ. P. 16(b). If the plan sets deadlines within those specified in LR 26-1(b), the plan must state on its face in bold type, "SUBMITTED IN COMPLIANCE WITH LR 26-1(b)." If longer deadlines are proposed, the plan must state on its face "SPECIAL SCHEDULING REVIEW REQUESTED." Plans requesting special scheduling review must include, in addition to the information required by Fed. R. Civ. P. 26(f) and LR 26-1(b), a statement of the reasons why longer or different time periods should apply to the case or, in cases in which the parties disagree on the form or contents of the discovery plan, a statement of each party's position on each point in dispute.

The instant filing does not adhere to the requirement that the discovery plan be filed jointly. Docket No. 17. Plaintiff submits that Defendant's counsel has not responded to attempts to contact

or initiated communication regarding a Rule 26(f) scheduling conference, joint discovery plan, or this Court's order, Docket No. 16. *See* Docket No. 17 at 2. Defendant must engage in a Rule 26(f) scheduling conference and in the submission of a joint discovery plan pursuant to the Federal Rules of Civil Procedure and the Local Rules.

Moreover, Plaintiff's proposed discovery plan and scheduling order fails to provide a sufficient statement of reasons why longer time periods from those provided in LR 26-1(b) should apply to this case. Docket No. 17. Plaintiff's submission that a longer discovery period should apply due to "the nature of the claims and defenses" and the "voluminous discovery inherent in this complex class action" are insufficient, without more, to justify a discovery period nearly double the presumptively reasonable length. *See* Docket No. 17 at 3; *see also* LR 26-1(b)(1).

Additionally, Local Rule 26-1(b) outlines requirements for the form of the stipulated discovery plan. Plaintiff's proposed discovery plan and scheduling order fails to provide calendar dates for the proposed deadlines, as required by LR 26-1(b)(1)-(4). Docket No. 17.

Defendant's counsel is **ORDERED** to contact Plaintiff's counsel, no later than September 10, 2025. The parties must engage in a Rule 26(f) scheduling conference, no later than September 12, 2025. A joint discovery plan must be filed by September 15, 2025. Accordingly, the instant filing is **DENIED** without prejudice. Docket No. 17. Failure to comply with this order may result in sanctions.

IT IS SO ORDERED.

Dated: September 8, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

2